KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHARTERED
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
(785) 825-4674 [Phone]
(785) 825-5936 [Fax]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EDWIN ASEBEDO, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 12-CV-1373-EFM-KMH |
| KANSAS STATE UNIVERSITY | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff Edwin Asebedo ("Ed"), for his cause of action against Defendant, Kansas State University (hereinafter referred to as "Kansas State"), states and alleges as follows:

**Parties**

1. Ed is a resident of the State of Kansas and resides in Pottawatomie County, Kansas.

2. Kansas State is a state educational institution, as defined in K.S.A. § 76-711, with its principal place of business at 111 Anderson Hall Manhattan, Kansas, 66506. Kansas State can be served with a summons at its Office of General Counsel, President's Office, and by serving the Kansas Attorney General's Office, addressed to Kansas Attorney General Stephen Six at Memorial Hall, 2nd Floor, 120 SW 10th Street, Topeka, Kansas 66612.

**Jurisdiction**

  3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343.

**Venue**

  4. Venue is proper in the District Court for the District of Kansas pursuant to 28 U.S.C. § 1391.

**Allegations of Fact**

  5. Ed is a 54-year-old Hispanic man who has been employed by Kansas State since January of 2007. Most recently, he has worked in Central Mail Services and before that assignment held several other positions in facilities.

  6. Throughout his employment, Ed has received good evaluations and been a good employee.

  7. During Ed's employment, he has been subjected to improper discrimination by his direct supervisor, Tom Filippino, and other employees working in Central Mail Services.

  8. On October 19, 2010, Ed filed a complaint alleging that Mr. Filippino and his coworkers regularly made racial slurs and derogatory remarks about Ed and other racial or ethnic groups. The subsequent investigations by Kansas State supported Ed's complaint and findings were made in his favor and against Mr. Filippino. The investigation and subsequent report warned against retaliation against Ed.

  9. Notwithstanding the admonition against retaliation, Mr. Filippino and other employees, including Lolita Sump, pursued a course of retaliation against Ed. These actions included a threat received by a university employee and threatening behavior by a Kansas

State Police Officer. Moreover, under threats and coercion by the Associate Vice President for Human Resources and Parking Services, Gary Leitnaker, Ed withdrew his more recent complaints in order to preserve his job.

10. On August 3, 2011 I received a disciplinary action based on my response following the threatening behavior by the Police Officer.

11. Following an investigation, determination and appeals, the Kansas State found that Ed had not been subjected to retaliation; however, the finding was made that Mr. Filippino had once again created a hostile work environment. Notwithstanding the previous finding against him and the actions taken at that time, Mr. Filippino received inadequate sanctions as a result of his repeated behavior.

12. The outcome of Ed's administrative complaints through Kansas State were concluded on January 11, 2012 when Bruce Shubert, the Vice-President for Administration and Finance issued the final determination.

13. Ed filed a timely charge of discrimination with the EEOC, received a right to sue and has exhausted his administrative remedies.

**Theories of Recovery**

### COUNT I
### TITLE VII – RACE DISCRIMINATION

14. Ed realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above.

15. Ed was subjected to discrimination on account of his race in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq., and the actions of Kansas State

3

entitle Ed to injunctive relief and damages for lost wages, humiliation, embarrassment, emotional distress and other damages.

WHEREFORE, Ed respectfully requests that the Court enter judgment in his favor and against Kansas State for injunctive relief prohibiting further discrimination and/or retaliation, and damages in an amount in excess of $75,000.00; that the costs of this action, including reasonable attorney fees, be assessed against Kansas State; and that the Court grant such other and further relief as it deems fair and equitable under the circumstances.

## COUNT II
## TITLE VII – RETALIATION

16. Ed realleges and incorporates herein the allegations contained in paragraphs 1 through 15 above.

17. The actions of Kansas State constitute retaliation in violation of Title VII, 42 U.S.C. §2000e et seq., and entitle Ed to injunctive relief and damages for lost wages, humiliation, embarrassment, emotional distress and other damages.

WHEREFORE, Ed respectfully requests that the Court enter judgment in his favor and against Kansas State for injunctive relief prohibiting further discrimination and/or retaliation, and damages in an amount in excess of $75,000.00; that the costs of this action, including reasonable attorney fees, be assessed against Kansas State; and that the Court grant such other and further relief as it deems fair and equitable under the circumstances.

RESPECTFULLY SUBMITTED,

/s/ Larry G. Michel
Larry G. Michel    #14067
Angela D. Coble #24196
KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHARTERED
119 West Iron Avenue, 7th floor
P.O. Box 2567
Salina, KS 67402-2567
(785) 825-4674
lmichel@kenberk.com
acoble@kenberk.com
ATTORNEYS FOR PLAINTIFF

## DEMAND FOR TRIAL BY JURY

Ed hereby requests pursuant to Fed.R.Civ.P. 38(b) that all issues of fact be tried to a jury.

/s/ Larry G. Michel
Larry G. Michel

## DESIGNATION OF PLACE OF TRIAL

Pursuant to D.Kan. Rule 40.2, Ed designates Wichita, Kansas as the place of trial.

/s/ Larry G. Michel
Larry G. Michel