## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EDWIN ASEBEDO,           ) | |
|            ) | |
|       Plaintiff,    ) | |
|            ) | |
| v.            ) | Case No. 12-1373-EFM |
|            ) | |
| KANSAS STATE UNIVERSITY,  ) | |
|            ) | |
|       Defendant,    ) | |
|            ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion for leave to amend his complaint to add facts and new allegations of retaliation. (Doc. 12). Defendant opposes the motion. For the reasons set forth below, the motion to amend shall be GRANTED.

### Background

Plaintiff, a mail service employee for Kansas State University, alleged in his original complaint that defendant engaged in race discrimination and illegal retaliation. Defendant did not file an answer but instead filed a motion to dismiss, arguing that plaintiff failed to (1) exhaust his administrative remedies and/or (2) allege plausible claims of discrimination and retaliation. Plaintiff opposed the motion to dismiss and also moved for leave to amend to correct/supplement some of the alleged deficiencies in his original complaint and to add

allegations concerning a November 20, 2012 EEOC notice of right to sue.

## Motion To Amend

The standard for permitting a party to amend his pleading is well established.  Without an opposing party's consent, a party may amend his pleading only by leave of the court.  Fed. R. Civ. P. 15(a).[1]  Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion.  Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)).  In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."  Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989).  The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.  Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).  "Untimeliness alone may be a sufficient basis for denial of leave to amend."  Las Vegas Ice & Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Circuit, 1990).  "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."  Id., (quoting State Distributors, Inc. v. Glenmore Distilleries Co., 738 F.2d 405 (10th Cir. 1984).

---

[1]  A party may amend its pleading once as a matter of course before a responsive pleading is filed.  The time for amending "as a matter of course" is long past.

Defendant does not oppose the motion to amend based on timeliness, prejudice, bad faith or futility. Rather, defendant argues that its pending motion to dismiss should be decided before the motion to amend in order to avoid the expenditure of additional time and expense related to filing a second motion to dismiss.[2]  This argument is not persuasive because the court would expend needless resources evaluating plaintiff's original complaint at the same time that plaintiff is seeking leave to amend his original complaint. Defendant's suggested sequencing of ruling on the pending motions is inefficient and results in a piecemeal approach to plaintiff's proposed amended complaint. It is rejected. Under the circumstances, the motion to amend shall be GRANTED.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend (**Doc. 12**) is **GRANTED.**  Plaintiff shall file and serve his amended complaint by **February 19, 2013.** The ruling herein is without prejudice to any defenses which defendant may assert in any future dispositive motion.[3]

---

[2]

Defendant's concern about the expense of filing a second motion to dismiss rings hollow because defendant would still have to address the substance of plaintiff's motion to amend after any ruling concerning the sufficiency of the allegations in the original complaint.

[3]

Defendant's argument that the ruling on plaintiff's motion to amend is "dispositive" and therefore beyond the jurisdiction of the undersigned magistrate judge is without merit. Judge Melgren will address the motion to dismiss and, as a practical matter, may conclude that the pending motion to dismiss is moot based upon the amended complaint. However, in granting plaintiff's motion to amend, the undersigned judge expresses no opinion concerning the merits of the parties' claims or defenses.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 8th day of February 2013.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge