IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EDWIN ASEBEDO, )
 )
               Plaintiff, )
 )
vs. ) Case No. 12-1373-EFM-KGG
 )
KANSAS STATE UNIVERSITY, )
*et al.*, )
 )
               Defendant. )
 )

**MEMORANDUM AND ORDER**
**DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

Now before the Court is Plaintiff's "Motion for Leave to Amend," requesting permission to file a second Amended Complaint. (Doc. 48.) For the reasons set forth below, the motion is **DENIED**.

The background of this case was summarized by Magistrate Judge Humphreys in her February 8, 2013, Order granting Plaintiff's first Motion to Amend. (Doc. 16.) That summary stated:

> Plaintiff, a mail service employee for Kansas State University, alleged in his original complaint that defendant engaged in race discrimination and illegal retaliation. Defendant did not file an answer but instead

> filed a motion to dismiss, arguing that plaintiff failed to (1) exhaust his administrative remedies and/or (2) allege plausible claims of discrimination and retaliation. Plaintiff opposed the motion to dismiss and also moved for leave to amend to correct/supplement some of the alleged deficiencies in his original complaint and to add allegations concerning a November 20, 2012 EEOC notice of right to sue.

(Doc. 16, at 1-2.)

Since the granting of that initial motion to amend, an Amended Complaint was filed (Doc. 17), but the District Court ultimately dismissed Plaintiff's claims in their entirety. (Doc. 29.) Upon appeal to the Tenth Circuit, the dismissal of Plaintiff's retaliation claim was upheld. The dismissal of Plaintiff's employment discrimination claim was, however, reversed with the case remanded back to the District of Kansas. (Doc. 37.)

A scheduling conference occurred on May 29, 2014, resulting in a revised Scheduling Order, which was filed on May 30, 2014. (Doc. 43.) That Scheduling Order specifically stated that "[t]he parties stipulate no motion for leave to join additional parties or to otherwise amend the pleadings will be filed." (*Id.*, at 7.) The Report of Parties' Planning Meeting, submitted on May 23, 2014, also specifically stated that "Plaintiff has already once sought and received leave to file an amended complaint. No motions for leave to join additional parties or otherwise amend pleadings are needed." (Doc. 49-1.)

Plaintiff filed the present motion on July 9, 2014, moving the Court for an order allowing him to amend his Complaint to include a new claim as well as allegations contained in an third charge of discrimination he claims to have filed with the EEOC.  (Doc. 48, at 2.)  Plaintiff alleges to have received his right to sue letter from the EEOC on or about June 13, 2014.  (*Id.*).  He does not, however, submit the right to sue letter with his filing or proposed Amended Complaint.  (*See* Doc. 48.)

Plaintiff has framed his motion as motion to amend the Complaint under Fed.R.Civ.P. 15(a).  Because the initial deadline to amend has expired and the revised Scheduling Order specifically stated that no additional motions to amend would be filed, Plaintiff's motion is actually a motion to modify the Scheduling Order, which is governed by Fed.R.Civ.P. 16(b)(4).

Rule 16(b)(4) mandates that "[a] schedule may be modified only for good cause and with the judge's consent."

> To establish 'good cause' the moving party must show that the scheduling order's deadline could not have been met with diligence. **Parker v. Central Kansas Medical Center**, 178 F.Supp.2d 1205, 1210 (D.Kan.2001); **Denmon v. Runyon**, 151 F.R.D. 404, 407 (D.Kan.1993). 'This rule gives trial courts 'wide latitude in entering scheduling orders,' and modifications to such orders are reviewed for abuse of discretion.' **In re Daviscourt**, 353 B.R. 674, (B.A.P. 10th Cir.2006) (citing **Burks v. Okla. Publ'g Co.**, 81 F.3d 975, 978-79 (10th Cir.1996)).

3

*Grieg v. Botros*, No. 08-1181-EFM-KGG, 2010 WL 3270102, at *3 (D.Kan. Aug. 12, 2010).  It is well-established in this District that motions to modify a scheduling order focus "on the diligence of the party seeking to modify the scheduling order."  *Id*. (citing ***Leviton Mfg. Co., Inc. v. Nicor, Inc***., 245 F.R.D. 524, 528 (D.N.M.2007) (internal citations omitted)).

  Plaintiff's motion makes no effort to establish diligence or the requisite good cause to allow him to modify the Scheduling Order to amend out of time.  There is no discussion as to why the amendment could not have been made in a timely manner.  Plaintiff's motion references the EEOC right to sue letter he alleges to have received on June 13, 2014.  The Court surmises, however, that the agency charge in question had already been filed at the time of the scheduling conference.  Even if it had not yet been filed, Plaintiff does not explain why the facts contained in the underlying charge of discrimination – and its potential for necessitating an amendment to his Complaint – would have been unknown to him at the time of the scheduling conference that occurred a mere two weeks earlier.  Plaintiff's Motion (Doc. 48) is, therefore, **DENIED**.

  **IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to

Amend (Doc. 48) is **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 25th day of August, 2014.

      S/ K<small>ENNETH</small> G. G<small>ALE</small>
      KENNETH G. GALE
      United States Magistrate Judge