IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EDWIN ASEBEDO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-1373-EFM-KGG |
| | ) |
| KANSAS STATE UNIVERSITY, *et al.*, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM AND ORDER**
**DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Now before the Court is Plaintiff's "Motion for Reconsideration" (Doc. 56), requesting that the Court revisit the issues addressed in the Court's Order (Doc. 54) denying Plaintiff's "Motion for Leave to Amend" (Doc. 48). For the reasons set forth below, the motion is **DENIED**.

The background of this case was summarized by Magistrate Judge Humphreys in her February 8, 2013, Order granting Plaintiff's first Motion to Amend and repeated in the underlying Order now being reconsidered. (Docs. 16, 54.) That summary is incorporated herein by reference, as well as are the additional facts contained in the underlying Order being reconsidered (Doc. 54).

"A motion to reconsider is not a second chance for the losing party to make

its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp*., 846 F. Supp. 1482, 1483 (D.Kan. 1994), *aff'd*, 43 F.3d 1484 (Table) (10th Cir. 1994). A motion for reconsideration must be based on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. D. Kan. Rule 7.3.

Plaintiff argues the Court should reverse its prior decision "in order to correct clear error and prevent manifest injustice." (Doc. 56, at 1.) The prior Order held, in relevant part that

> Plaintiff's motion makes no effort to establish diligence or the requisite good cause to allow him to modify the Scheduling Order to amend out of time. There is no discussion as to why the amendment could not have been made in a timely manner. Plaintiff's motion references the EEOC right to sue letter he alleges to have received on June 13, 2014. The Court surmises, however, that the agency charge in question had already been filed at the time of the [May 29, 2014] scheduling conference. Even if it had not yet been filed, Plaintiff does not explain why the facts contained in the underlying charge of discrimination – and its potential for necessitating an amendment to his Complaint – would have been unknown to him at the time of the scheduling conference that occurred a mere two weeks earlier. Plaintiff's Motion (Doc. 48) is, therefore, **DENIED**.

(Doc. 54, at 4.)

Plaintiff now argues that

> at the time of the filing of the Scheduling Order, [he] had

2

> not yet received his right to sue and the EEOC was still conducting or concluding their investigation. Pursuant to 29 C.F.R. §1601.28 and EEOC procedures, a grieving party is precluded from bringing a civil action until such time as the investigation is concluded and a right to sue is issued. 29 C.F.R. §1601.28. Due to the timing of the receipt of the right to sue, Ed could not have requested an amendment prior to the filing of the Scheduling Order.

(Doc. 56, at 2-3.)

The Court is fully aware of the mechanisms and requirements for filing an EEOC charge of discrimination, receiving a right to sue letter, and filing a federal court cause of action. The Court is aware, as it was at the time the underlying Order was entered, that a party may not file a federal court employment discrimination cause of action until a right to sue letter is received from the charging agency.

This does not change the fact that even though Plaintiff did not receive this right to sue letter until June 13, 2014, he and his counsel were aware of its existence and the underlying facts contained in that charge of discrimination at the time of the May 29, 2014, scheduling conference. In neither the prior motion nor the motion to reconsider does Plaintiff explain why these facts (and the resultant potential for an amendment to his Complaint) were not raised with the Court at the time of the May 29, 2014, scheduling conference that occurred <u>a mere two weeks before he received his right to sue letter</u>. To the contrary, at the scheduling

conference, Plaintiff's counsel attested that no additional amendments to the pleadings were needed.  The May 30, 2014, Scheduling Order, which was entered two weeks before Plaintiff received the right to sue letter at issue, specifically and unequivocally stated that "[t]he parties stipulate no motion for leave to join additional parties or to otherwise amend the pleadings will be filed."  (Doc. 43, at 7.)

While it is true that Plaintiff "could not have requested an amendment prior to the filing of the Scheduling Order," Plaintiff could – and should – have informed the Court that the amendment would be necessary upon receipt of the forthcoming right to sue letter.  Plaintiff failed to do so and instead <u>stipulated</u> that no additional motions to amend the pleadings would be filed.  Doing so is the antithesis of the diligence required to modify the Scheduling Order.

As such, Plaintiff has failed to establish the requisite diligence for seeking to modify the scheduling order.  *Grieg v. Botros*, No. 08-1181-EFM-KGG, 2010 WL 3270102, at *3 (D.Kan. Aug. 12, 2010) (citing *Leviton Mfg. Co., Inc. v. Nicor, Inc.*, 245 F.R.D. 524, 528 (D.N.M.2007) (internal citations omitted)).  Plaintiff's motion (Doc. 56) is, therefore, **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 9th day of September, 2014.

        S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge